UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 2:13-cv-07550-CAS(AJWx) | Date | April 14, 2014 |
|---|---|---|---|
| Title | K MCDONALD V. UNIFUND CCR PARTNERS ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants | |
| Herbert Wiggins | Tomio Narita | |

**Proceedings:** DEFENDANT LAW OFFICES OF KENNOSIAN & MIELE LLP'S MOTION TO SET ASIDE DEFAULT (Dkt. 13, filed February 25, 2014)

DEFENDANT UNIFUND CCR PARTNERS' MOTION TO DISMISS (Dkt. 14, filed March 3, 2014)

## I.   INTRODUCTION & BACKGROUND

On October 11, 2013, plaintiff Kevin McDonald filed this action against defendants Unifund CCR Partners ("Unifund"), Law Offices of Kenosian & Miele, LLP ("K&M"), and Does 1 through 1.  Plaintiff asserts claims for (1) violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691, et seq.  (2) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq., (3) breach of the covenant of good faith, (4) unfair competition, (5) injunctive relief, and (6) declaratory relief.  Plaintiff's claims all arise out of defendants' attempts to collect on a credit card debt assigned to Unifund, including defendants' filing of a collections action in Los Angeles County Superior Court.

On February 10, 2014, the Clerk of Court entered default against defendant K&M. On February 25, 2014, K&M moved to set aside this default.  On March 3, 2014, Unifund moved to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6).  On March 24, 2014, plaintiff opposed both motions, and on March 31, 2014, both defendants replied.  On April 7, 2014, the Court held a hearing.  After considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 2:13-cv-07550-CAS(AJWx) | Date | April 14, 2014 |
|---|---|---|---|
| Title | K MCDONALD V. UNIFUND CCR PARTNERS ET AL. | | |

## II.   ANALYSIS

The Court begins with K&M's motion to set aside the default.  Pursuant to Fed. R. Civ. P. 55(c), a court may set aside an entry of default "for good cause."  The Court considers three factors when evaluating whether "good cause" is present: (1) whether defendant's culpable conduct led to the default; (2) whether defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice plaintiff.  TCI Group Life Insurance Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2000) (noting that courts use the same factors to assess "good cause" under Fed. R. Civ. P. 55(c) as for reviewing default judgments under Fed. R. Civ. P. 60(b)).

As a general rule, cases should be decided on the merits as opposed to by default, and therefore "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment."  Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 6:11 (The Rutter Group 2009) (citing Pena v. Seguros La Comercial, S.A. 770 F.2d 811, 814 (9th Cir. 1985)).  As such, the Court has broad discretion to overturn an entry of default.  Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945-46 (9th Cir. 1986).  Nonetheless, it is the defaulting party's burden to demonstrate that a default judgment should be vacated.  TCI Group Life Ins. Plan, 244 F.3d at 696.

Here, the Court finds that all three factors support vacating the default.  First, it appears that the default was not the result of K&M's culpable conduct.  Plaintiff's proof of service indicates that K&M was served with the summons and complaint at a UPS Postal Store, and that service was accepted by an individual named Armen Vartanian.  Dkt. 8.  K&M states (1) that they never received this summons and complaint, (2) that although K&M recieves mail at the UPS store, Mr. Vartanian is not an agent of K&M, and (3) that K&M has a registered agent for service of process on file with the California Secretary of State.  Miele Decl. ¶¶ 2-4.  On these facts, the Court finds that K&M's failure to respond to the summons and complaint was not culpable.

Second, K&M may have meritorious defenses in this action.  Plaintiff alleges that defendants' efforts to collect the credit card debt are discriminatory because plaintiff has received public assistance.  Compl. ¶ 10.  Plaintiff however, does not dispute the validity of the underlying debt.  At the very least, these allegations appear subject to dispute, and therefore "appropriate exercise of district court discretion under Rule 60(b) requires that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | 2:13-cv-07550-CAS(AJWx) | Date | April 14, 2014 |
|---|---|---|---|
| Title | K MCDONALD V. UNIFUND CCR PARTNERS ET AL. | | |

O

the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute. TCI Grp. Life Ins. Plan, 244 F.3d at 696.

Lastly, the Court cannot discern any reason why vacating the default would prejudice plaintiff. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" TCI Group Life Ins. Plan, 244 F.3d at 701 (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)) (alteration in original). In particular, plaintiff is not prejudiced simply because he is deprived of a "quick victory" and must litigate his claims on the merits. Bateman v. United States Postal Service, 231 F.3d 1220, 1225 (9th Cir. 2000). Accordingly, the Court finds that the default against K&M should be set aside.

Turning to Unifund's motion to dismiss, the Court finds that consideration of the motion would be premature. At the hearing held on April 16, 2014, the parties indicated that Unifund's collections action is still pending in Los Angeles County Superior Court. Because this case seeks to challenge, among other things, defendants' decision to file the collections action against plaintiff, the Court concludes that it would be inappropriate to proceed with this case while the collections action remains unresolved. Accordingly, the Court finds that this case should be stayed. See Landis v. North American Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court."). The Court enters this stay in the expectation that the collections action will be resolved promptly. See Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1067 (9th Cir. 2007) (explaining that lengthy or indefinite stays are disfavored).

| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | | O |
|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | JS-6 |
| Case No. | 2:13-cv-07550-CAS(AJWx) | Date | April 14, 2014 |
| Title | K MCDONALD V. UNIFUND CCR PARTNERS ET AL. | | |

## V.  CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS K&M's motion to set aside the default.  The Court hereby STAYS the case, pending resolution of the state court collections action.  Accordingly, the Court reserves judgment on Unifund's motion to dismiss.  The Court directs the parties to file reports about the status of the collections action every 120 days, and to notify the Court if the Los Angeles County Superior Court stays the collection action in favor of this case.

IT IS HEREBY ORDERED that this action is hereby removed from this Court's active caseload until further application by the parties or order of this Court.

This Court retains full jurisdiction over this action and this Order shall not prejudice any party to this action.  All dates in this action are hereby **VACATED**.

IT IS SO ORDERED.

| | 00 | : | 11 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |